

# Fourth Court of Appeals
## San Antonio, Texas

July 12, 2021

No. 04-21-00100-CV

Penny **ALBAUGH**,
Appellant

v.

James **WARD** and Elda Gonzalez,
Appellees

From the County Court, Frio County, Texas
Trial Court No. 9642
Honorable Arnulfo C. Luna, Judge Presiding

# O R D E R

This is an appeal in a forcible detainer case. Appellee James Ward filed a suit for possession of real property, alleging appellant Penny Albaugh was a holdover tenant. Albaugh timely appealed the trial court's judgment, which awarded court costs and possession of the real property to Ward. On July 2, 2021, the trial court clerk filed the clerk's record in this appeal. Included in the record is the trial court's judgment and a writ of possession. The record does not show that Albaugh filed a supersedeas bond to suspend the judgment. However, the record does not include a sheriff's return, indicating that the writ of possession had been executed and possession delivered to Ward. On April 6, 2021, Albaugh filed a "Motion to Set Aside the Appeals's Decision and Motion for Reconsideration and A Motion Request to Stay the Writ of Possession," which we denied on April 8, 2021. In her motion, Albaugh states that she and her son "will be vacating [the real property at issue] on or before May 1, 2021."

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). In a forcible detainer suit,

> [w]hen a tenant is no longer in possession of the property and has not superseded the judgment of possession, her appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile. [*Marshall*, 198 S.W.3d at 787]. Appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to <u>current, actual possession</u>" of the property. *Id.* (emphasis added).

*Stewart v. Fiesta City Realtors*, No. 04-17-00839-CV, 2018 WL 4760151, at *1 (Tex. App.—San Antonio Oct. 3, 2018, no pet.) (mem. op.).  Issues independent of possession, such as damages and attorney's fees, may be reviewable, even if the issue of possession is moot.  *See Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.).

Here, it is unclear whether Albaugh currently holds possession of the real property at issue in this appeal.  It appears that Albaugh did not file a supersedeas bond to suspend the judgment, and the trial court did not award damages or attorney's fees.  It also is not apparent from the record whether Albaugh holds and asserts a potentially meritorious claim of right to current, actual possession of the property.  Accordingly, we ORDER Albaugh to show cause in writing **within fifteen days** from the date of this order why this appeal should not be dismissed for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f), 44.3; *see also Marshall*, 198 S.W.3d at 790 (holding that a trial court's award of court costs to a prevailing landlord did not prevent dismissal of an appeal for mootness where the tenant's lease had expired and the tenant had vacated the property).  All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of July, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court